HEALY & BAILLIE, LLP
Attorneys for Plaintiff
BOTTIGLIERI DI NAVIGAZIONE SPA
61 Broadway
New York, New York 10006
(212) 943-3980
Thomas H. Belknap, Jr. (TB-3188)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BOTTIGLIERI DI NAVIGAZIONE SPA<br><br>Plaintiff,<br><br>-against-<br><br>TRADELINE LLC,<br><br>Defendant. | Docket No.: 06 Civ. 3705 (LAK) |

### AFFIDAVIT OF THOMAS H. BELKNAP, JR. IN OPPOSITION TO THE MOTION BY TRADELINE, LLC TO VACATE ATTACHMENT

State of New York    :
                     :  ss
County of New York   :

**THOMAS H. BELKNAP, JR.**, being duly sworn, deposes and says:

1. I am a member of Healy & Baillie, LLP, New York counsel for plaintiff Bottiglieri Di Navigazione Spa ("BDN") in the above-captioned matter. I submit this affidavit in opposition to the motion by defendant Tradeline LLC to vacate plaintiff's attachment of funds in this matter pursuant to Rule B of the Supplemental Admiralty Rules to the Federal Rules of Civil Procedure.

2. Insofar as the contents of this affidavit are within my own knowledge they are true. Insofar as the contents of this affidavit are not within my own direct knowledge, they are true to the best of my information and belief.

3. BDN commenced the instant action on May 15, 2006 by filing a verified complaint. A true and accurate copy of BDN's complaint is attached as Exhibit A.

4. That same day, BDN obtained an Ex Parte Order For Process of Maritime Attachment of such of defendant's property, up to the amount of $2,881,741.73, which may be found in the hands of certain garnishees in this district, including the Bank of New York, American Express Bank, and Mashreq Bank. Process of Maritime Attachment and Garnishment was thereupon issued by the Clerk of the Court and served on the identified garnishees.

5. In the afternoon of May 22, 2006, my firm received a letter via e-mail from Messrs. Rawle & Henderson LLP ("R&H"), counsel for The Bank of New York, reporting that BDN and a company named Essco Faith S.A., a plaintiff in an unrelated action pending in this District against defendant Tradeline (the "Essco Faith Action"), had both restrained "funds in the amount of $1,896.87 being wire transferred through the Bank on May 19, 2006 to Tradeline L.L.C." The letter further reported that "on March 28, 2006, funds being wire transferred through The Bank to Tradeline L.L.C. in the amount of $242,909.03 were restrained pursuant to a writ of maritime attachment served on behalf of Essco Faith S.A." A true and accurate copy of this letter is attached as Exhibit B.

6. A true and accurate copy of Essco Faith's complaint in the Essco Faith Action is attached as Exhibit C.

7. A true and accurate copy of the docket sheet for the Essco Faith Action as of July 31, 2006 is attached as Exhibit D.

8. Because R&H's May 22 letter was vague as to whether the Bank of New York was acknowledging that BDN's attachment was effective as to the funds originally attached by Essco Faith on March 28 as well as to the funds restrained on May 19, I wrote to R&H by e-mail on May 24, 2006 making clear BDN's position that if "the Bank of New York [is] in possession of any funds of Tradeline which have been attached by Essco or any third party, then such funds are also subject to the attachment order and writ served on your clients on behalf of our client." A true and accurate copy of this correspondence is attached as Exhibit E.

9. Although BDN had not receive further confirmation from the Bank of New York acknowledging that its attachment extended to the funds previously restrained by Essco Faith on March 28, 2006, I nevertheless sent notice via facsimile to Tradeline on May 25, 2006 that BDN had attached funds at the Bank of New York. A true and accurate copy of that letter is attached as Exhibit F.

10. In my letter (Ex. F), I advised Tradeline that an action had been commenced in the Southern District of New York, that an order of attachment had been issued by the Court, and that BDN had been advised that funds had been restrained at the Bank of New York. BDN's notice enclosed a copy of its complaint. Although it also indicated that the May 22 letter from R&L was attached, that letter was inadvertently omitted. Accordingly, on May 30, 2006, BDN's undersigned counsel sent a second facsimile to Tradeline attaching a copy of the referenced letter. A true and accurate copy of this letter is attached as Exhibit G.

11. At no time between May 25 and May 30 did I or anyone else acting for BDN receive any request from Tradeline or any representative thereof seeking a copy of the R&L letter which had been clearly referenced but inadvertently omitted from BDN's May 25 notice of attachment (Ex. F).

12. On July 11, 2006, BDN's counsel received oral advice from American Express Bank that BDN had attached $81,565 of funds which had previously been restrained by Essco Faith.

13. On July 12, 2006, BDN's New York counsel received a telephone call from Michael Unger, Esq. of Freehill, Hogan & Mahar, LLP ("FHM") in which Mr. Unger advised that he represented defendant Tradeline and that Tradeline intended to move to vacate BDN's attachment.

14. By e-mail dated July 12, 2006, counsel for BDN confirmed FHM's advice and provided them with notice pursuant to Local Rule B.2 of the attachment at American Express Bank. A true and accurate copy of this correspondence is attached as Exhibit H.

15. Later on July 12, 2006, counsel for BDN received oral advice from Mashreq Bank that it had restrained funds in the amount of $184,000 which had also previously been restrained by Essco Faith. BDN provided Tradeline notice of this attachment via e-mail to FHM that same day. A true and accurate copy of this correspondence is attached as Exhibit I.

16. To date, although duly requested, BDN has not received any written confirmation of the oral advice received from either American Express Bank or Mashreq Bank concerning its attachments at those two banks.

17. On July 13, 2006, Counsel for BDN received further written notice from R&H advising that, in addition to the funds originally referenced in its May 22, 2006 letter, The Bank of New York had additionally restrained

$254,004.48 on March 13, 2006 pursuant to writ filed by Essco Faith and that those funds were also now being restrained pursuant to BDN's attachment. A true and accurate copy of this correspondence is attached as Exhibit J.

18. BDN provided notice to Tradeline of this attachment via e-mail to FHM that same day. A true and accurate copy of this correspondence is attached as Exhibit K.

_____
Thomas H. Belknap, Jr.

Signed and Sworn To Before Me,
This 31st Day of July, 2006

_____
Notary

ELAINE BONOWITZ
Notary Public, State of New York
No. 43-4893320
Qualified in Richmond County
Certificate Filed in New York County
Commission Expires May 11, 20__07